**SO ORDERED.**

**SIGNED this 12 day of March, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| ALIRIO CALDERON and<br>MINDY ELLEN CALDERON, | 09-09723-8-JRL |
| DEBTORS. | |

## ORDER DENYING MOTIONS TO AVOID LIENS

The matters before the court are the debtors' motions to avoid the liens of the Internal Revenue Service ("IRS") and the Michigan Department of Revenue ("Michigan DOR"). A hearing took place in Raleigh, North Carolina on March 2, 2010.

Alirio Calderon and Mindy Ellen Calderon filed a petition for relief under chapter 7 of the Bankruptcy Code on November 5, 2009. On November 29, 2006, the IRS filed a tax lien in the amount of $54,632 in Oakland County, Michigan. On December 6, 2009, the IRS filed a tax lien in the amount of $13,368 in Oakland County, Michigan. On March 28, 2008, the Michigan DOR filed a tax lien in the amount of $2,857. The debtors contend that the 2006 IRS lien attaches to personal property with a combined fair market value of $15,494, and that the lien should be reduced

to that amount. The debtors further contend that the 2009 IRS lien and the Michigan DOR liens should be avoided in their entirety.[1] The IRS and Michigan DOR do not oppose the motions.

At first blush it appeared that the debtors were proceeding under 11 U.S.C. § 522(f), which allows debtors to avoid non-purchase money liens on personal property to the extent they impair the debtors' exemptions. However, the debtors acknowledge that their exemptions do not apply to tax liens, and thus their exemptions are not impaired by the liens. Further, § 522(f) cannot be used to avoid tax liens. In fact, at the hearing, the debtors stated they were not proceeding under § 522(f).

The debtors did suggest that they were relying upon § 522(c), which in essence provides that property that is exempt under § 522(c) remains liable for a debt secured by a properly filed tax lien. The debtors maintain that the personal property that is exempt from the bankruptcy estate, which continues to secure the tax liens under § 522(c), has a value of $15,494, and is the extent of property available to secure the tax liens. Section 522(c) is a protective statute, shielding secured tax claimants from having their collateral claimed as exempt under the Bankruptcy Code. It is not, as the debtors suggest, a limiting statute giving the tax claimants no recourse beyond the value of the non-exempt (as to the tax creditors) property.

Absent any other statutory authority supporting the debtors' efforts, it appears that the debtors are seeking relief under §§ 506(a) and 506(d). Those sections provide

> (a)(1) An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. . . .

---

[1] The motions also indicate that tax refunds will be retained by both taxing authorities in partial satisfaction of the liens.

>   (2) If the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.
>
> * * *
>
> (d) To the extent that a lien secured a claim against the debtor that is not an allowed secured claim, such lien is void, unless–
>   (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
>   (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. § 506. Section 506 is traditionally used to bifurcate claims into secured and unsecured amounts, based on the value of the property securing the claim.

Unfortunately for the debtors, the Supreme Court has held that a chapter 7 debtor may not use § 506(d) to "strip down" a creditor's lien on property to the value of the collateral. <u>Dewsnup v. Timm</u>, 502 U.S. 410, 112 S. Ct. 773 (1992). In <u>Dewsnup</u>, the bankruptcy court determined the value of the debtor's real property to be $39,000, and the debtor sought to reduce the value of a loan secured by a deed of trust from $119,000 to $39,000. The Court determined that liens on real property pass through bankruptcies unaffected, and there was no indication from Congress that it intended to change this result when it enacted § 506(d) in 1977.

The holding in <u>Dewsnup</u> has been extended to prohibit the "strip down" (or reduction in value) of nonconsensual liens, including tax liens. See <u>Hoekstra v. United States (In re Hoekstra)</u>, 255 B.R. 285 (E.D. Va. 2000) (debtors could not void IRS lien on real property with no value above senior debt where lien also attached to personal property with some value); <u>see also</u> <u>Carpenter v. United States (In re Carpenter)</u>, 2003 WL 1908944 (Bankr. M.D. Fla. 2003) (dismissing complaint

to determine the extent of federal tax liens, finding that § 506 is not available to debtors under facts of case). Based on the application of Dewsnup, the court cannot allow the debtors' motion to reduce the value of the lien to $15,494.

Because the IRS lien clearly exceeds the value of the debtors' personal property, the Michigan DOR lien is wholly unsecured. In the Fourth Circuit, Dewsnup has been interpreted to be "equally applicable to 'strip offs' as to 'strip downs,'" and chapter 7 debtors may not avoid an allowed junior lien where the senior lien exceeds the value of the property. Ryan v. Homecomings Financial Network, 253 F.3d 778, 779 (4th Cir. 2001). Accordingly, the debtors also may not avoid the lien of the Michigan DOR.

Finally, counsel for the debtors has included in the motions a request for "the presumptive fee of $350" for each motion. In this district, chapter 13 attorneys are entitled to request presumptive fees for certain services, including $350 for motions to avoid liens. In chapter 7 cases, however, debtors' attorneys are not entitled to fees from the estate unless they have been employed by the trustee. 11 U.S.C. § 330(a); Lamie v. U.S. Trustee, 540 U.S. 526, 534, 124 S. Ct. 1023, 1030 (2004). Nothing prevents counsel from seeking payment from the debtors, but this court will not enter an order directing payment of the fees incurred for bringing the motions.

Based on the foregoing, the debtors' motions to avoid the liens of the IRS and Michigan DOR are **DENIED**. The requests for attorney's fees included in the motions are **DENIED**.

**END OF DOCUMENT**